Good morning. Good night. With the Court's permission, I'm going to start off with a discussion of the obstruction of justice argument as to the guidelines. As the Court is aware, the government filed a letter brief last week citing two cases from two other circuits having to do with that obstruction of justice issue. Those cases are on point from the Seventh and Third Circuits, respectively, the Martin case and the Jenkins case. The Ninth Circuit does not have a case on point on this issue of whether there has to be an awareness of the investigation in order to qualify for the obstruction of justice enhancement. The Martin and Jenkins cases are in contrast to three cases that I cited in my brief from three other circuits, the Eighth, the Sixth, and the Fifth Circuits, the Oppendahl case, the Brown case, and the Lister case. Those three circuits have all found that there is a requirement of an awareness of a pending investigation in order to qualify for that enhancement. Mr. Wagoner, I didn't see it mentioned in the briefs, but reading over the text of the Guideline to Level Enhancement in question, it struck me that the language, if one takes the words in context to the other words in the Guidelines, to impede the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense, it seems to me that any impediment, any misstatement must be made to the Federal authorities, not to Wells Fargo, not to a notary public taking a deposition in the civil action. Does that point ever occur to you? It has occurred to me. I don't think I addressed it specifically in the sense of either the sentencing memorandum, perhaps the briefing, but it does make sense in the context of it, and I agree with the Court. There was not a case that you know of that interprets the statute to mean exactly what I said. On the distinction of just a Federal authority, I am not aware as I stand here, Judge, Your Honor, of a case on that. Because it doesn't seem to me that one can say that the Wells Fargo investigation was in the course of investigation, prosecution, or sentencing of the instant offense, because as able as Wells Fargo may be, they can't sentence and they can't try people, right? Exactly. And if my arguments in You're taking a different tack. You're talking about whether he knew that there was an FBI investigation. Right. And you cited cases on that, and we thank you for that. But I just wondered if you had any thoughts along the line which I've just laid out. I had not addressed that specifically, as I was saying. What I focused on was sort of more the facts specific to this case, where the temporal issue. I mean, this investigation had started. We know that. In other words, the men who reported it. We know that, but he didn't know that. He didn't know that, exactly. At least the government hasn't proved that he knew it. Right. And I don't think that that's the really contesting that issue. I could be wrong on that. I don't think it's ever been raised before. But then it's reported to the FBI. Four months later is when this deposition takes place, where Mr. Gilchrist clearly didn't tell the truth. But then it's four and a half years until an indictment is filed. And I had no time in there to Mr. Gilchrist tell you. If we take your point, what remedy would you seek? Resentencing with a recalculation of the guidelines in light of the law. Mandatory recalculation, or do we send it back for resentencing for the trial judge to exercise his discretion? Because 25 months was way shorter than 30 years your man could have gotten. True. There was, just last week, Judge Ilsen actually looked at this issue in the sense of whether there was a question of law, because if the Court will recall, I'd find filed a motion for release on bail pending appeal. That got referred back to the district court. There was a hearing at the district court level. Judge Ilsen issued a seven-page order finding that there was a substantial question of law, focusing on this awareness issue, the conflict between the two circuits. And then looked at the issue of even if there was, we had to adjust this. We didn't find the obstruction of justice enhancement of those two guideline levels, would I sentence Mr. Gilchrist differently? And she indicated, just frankly and honestly, that she might not, because she found that conduct to be pretty egregious in terms of his lying in the deposition, which it clearly is. That's bad behavior. But in answer to your question, I think it should go back, well ---- Sotomayor, I guess I don't quite understand procedurally what issue is now before Judge Ilsen. There is no issue before. She denied bail pending appeal, and that was it. Okay. So there's no legal issue, but she referred to the substantial question of law and this issue of the obstruction of justice and the application of the two-level enhancement. So I'm just referring to her discussion of that. Was it your view that if we remand for resentencing, the sentencing judge could not under any circumstances add a couple of months on some other basis? I don't think that she could add a couple of months. Obviously, I'm looking to go the other direction, but I don't think that it would be proper for a greater sentence, that she'd have to find a departure under the guidelines in order to go beyond the advisory range. But she would have the ability to look further into the guidelines, rummage around and see if something appropriate could be used. I think that's correct. And I would, you know, try to shine up the apple a little bit and provide some positive information to Judge Ilsen in the hope that she would not see that that or not issue the same sentence or have a lesser sentence. The fact of the matter is Mr. Gilchrist is near to the expiration of his sentence. He's now scheduled to get out in June of 2005. That was really my main focus was the obstruction of justice issue. I think that that is the strongest point of the issue. Your position, I do you agree that it's been rejected by the Third Circuit? Yes. In the Jenkins case, in a decision by then, by the Chief Judge Sirica. Yes. Jenkins and Martin, as I've indicated, certainly are against Judge Ilsen called it what an awareness rule, an awareness of the investigation, and so that she recognized the difference between the Third and the Seventh Circuit, which have found that there is no awareness rule. And the Eighth, Sixth, and Fifth, which have found that there's an awareness rule. She also referred to, I think, a case which is important that is not a case on point, but it's where this circuit has found there to be a mens re requirement as to the 3C1.1 application. That's the Lofton case at 905 F 2nd 1350, I believe that's cited in the brief. Where in a different setting, they look at the term, the word willfully that is within the 3C1.1 language and found that that required a conscious act with the purpose of obstructing justice. So willfully meaning that you're actually meaning to do that, and clearly, well, I think the facts are clear that Mr. Gilchrist didn't know that the pending federal investigation, or for that matter, a state investigation. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Tracy Brown from the United States Attorney's Office in San Francisco. I'll cut straight to the obstruction of justice enhancement. With respect to Judge Bea's point, in fact, there is case law from this circuit that indicates that a statement made outside of the federal investigation can support the 3C1.1 enhancement. There are, in fact, two cases, both Luca, which is cited in the government's brief, and Yip, which is cited in the government's brief, neither of which are addressed by the appellant in his reply, state, stand for the proposition that false statements made outside the federal criminal investigation can support the obstruction of justice enhancement. This is Luca, L-U-C-A? L-U-C-A, Your Honor. And GIF? Yip, Y-I-P. Oh, Yip. Yip was, in fact, decided just a year ago in 2010, in January of 2010. Thank you very much. With respect to the focus on Luca was relied upon in the Third Circuit case, Ms. Aitken. My recollection is that Luca relied on a First Circuit case, McGovern, actually. No. I said the Third Circuit case that I mentioned relied on Luca. Yes. So the Martin case from the Seventh Circuit and the Third Circuit court in Jenkins very clearly hold that conduct in the course of another investigation, a State investigation, can support the 3C1.1 enhancement. In Luca, the false statements were made to a State corporations commission. And in Yip, the statements were made in the context of a civil IRS audit before, in fact, the criminal investigation had opened. There has to be some kind of actual obstruction, though, doesn't there? Not in the context of perjury, Your Honor. In the context of perjury in the Magana-Guerrero case from this circuit, this circuit made clear that where it's perjury, as opposed to a false statement not under oath to a law enforcement officer, there does not need to be actual obstruction. So there is a distinction between perjury, which, as the Supreme Court has said, when you're talking about perjury in the context of 3C1.1, willfully means nothing more than deliberate, as opposed to as a result of confusion or mistake. And in the case of Dunigan, which is cited in the government's brief, as it follows Is the perjury there in the context of a civil deposition, though? To be fair, it was not. It was in the context of the case itself, the criminal case itself. The government agrees with the appellant that there is no case directly on point in this circuit. However, the periphery, the edges of all of these cases point to the conclusion that the obstruction of justice enhancement is appropriately applied, whereas here a defendant initiates a civil lawsuit, engages in extensive under oath perjury on the very same transactions that become convictions in the criminal case. The testimony, the false testimony was given for the purpose of blaming someone else. It wasn't merely false testimony in the context of a civil deposition as to some immaterial matter. The crux of that false testimony in the civil case was, I didn't do this. Somebody else stole my wallet and made all these fraudulent transactions, the exact transactions to which the defendant later pled guilty. So although there's no case directly on all fours, all of the principles taken together from Dunnegan, from Christman from this circuit, from Yip from this circuit, from Luca, from Magana-Guerrero, and from Martin and Jenkins point to the conclusion that the district court did not err in imposing the obstruction of justice enhancement here. If the Court has no further questions, I'm happy to submit on at this point.  Thank you, Your Honor. Thank you, Mr. Chief Justice. Just to raise a final point, in terms of the cases that Ms. Brown just cited, most of those cases had to do, I think all of those cases, had to do where, with situations where the perjury, the lying, the obstructive act directly related to the case. Talking to a probation officer in a pre-sentence report, perjury at the trial, perjury as to producing records. But here it's the same transactions. And he's – there's an awareness that he could be liable and that there's – that it's a criminal offense. So why – what is the justification for making an exception here? The – in that it is not the actual investigation of Federal authorities, as pointed out by Justice Bey in terms of – Well, that's a difference, but why should we make that dispositive? It's true that these acts, that the perjury in the deposition related to counts 11 and 12, two of the accounts which were part of the overall activity. The distinction, I think, is that you don't have – that's – there's justice having to do with the civil remedy. The obstruction of justice, the 3C1.1, talks about the administration of justice in terms of the criminal justice system. So I think that there's a systemic difference. If you're in the course of the prosecution or being prosecuted, and you're lying, cheating, stealing, whatever it might be, I think that is different than pursuing an administrative civil claim on them. Well, the civil suit was brought by this man to cover up his theft. It was to obfuscate his responsibility. So it was pretty well related to counts 11 and 12. It's true. What happened is they froze the bank account and said, I want that money back, and then he lied in the course of trying to get it back. That's what happened. And then eventually, you know, five years down the road, he got prosecuted for it. So, yeah. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Rawlinson, Bea